**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Rene PEREZ–MARQUEZ,**
**Defendant–Appellant.**

No. 04–51035.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 24, 2005.

Joseph H. Gay, Jr., Assistant US Attorney, US Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Before JONES, WIENER, and PRADO, Circuit Judges.

PER CURIAM: *

Defendant–Appellant Jose Rene Perez–Marquez ("Perez") appeals his 41–month sentence imposed following his guilty-plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

conviction for illegal reentry into the United States following deportation. Citing *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), he argues, for the first time on appeal, that the district court erred in sentencing him under a mandatory guideline scheme.

As Perez did not raise his *Booker* argument in the district court, we review this issue for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732–33 (5th Cir.2005). The district court committed error that is plain when it sentenced Perez under a mandatory guideline scheme. *See id.* at 733; *United States v. Martinez–Lugo*, —— F.3d ——, No. 04–40478, 411 F.3d 597, 2005 WL 1331282 *2 (5th Cir. June 7, 2005). Perez fails, however, to meet his burden of showing that the district court's error affected his substantial rights. *See Valenzuela–Quevedo*, 407 F.3d at 733–34; *United States v. Mares*, 402 F.3d 511, 521 (5th Cir.), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517).

As Perez concedes, his constitutional argument that his sentence, which was enhanced under 8 U.S.C. § 1326(b) for a prior aggravated felony conviction, is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See Apprendi v. New Jersey*, 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). Accordingly, Perez's sentence is

AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be